### 12143.  Barnes *v.* White.

Stephens, J.  1.  Whether or not the note sued upon was paid by the transfer to the plaintiff by the defendant of a note held by the defendant against another, and which the plaintiff afterwards renewed with the maker, substituting a party other than either the defendant or the plaintiff as the payee, or whether the plaintiff held either of such other notes as collateral to secure the defendant's note to the plaintiff, were issues of fact made by the evidence and the reasonable deductions therefrom, and were settled by the jury's verdict finding in favor of the plaintiff. Whether the transaction by the plaintiff of renewing with the maker the note which the defendant had deposited with the plaintiff, and the substitution of an entire stranger as the payee, amounted to a conversion by the plaintiff of the original note deposited with him by the defendant, and therefore to a settlement of the note sued on, or whether a transfer and delivery by the plaintiff of this note to the defendant and its acceptance by the defendant amounted to a ratification of the plaintiff's actions, were also issues settled by the verdict of the jury.

2. An exception assigning error upon the admission of evidence, where it does not appear what ground of objection was urged at the time the evidence was offered, is incomplete and presents no question for consideration.

3. A slight inaccurate statement of the facts, made by the court when charging a rule of law applicable to the facts, which was not material to the issue being presented, and which could not have been misunderstood or have misled the jury or in any way have prejudiced the rights of the party complaining, is harmless error, and furnishes no ground for reversal. A statement of the trial judge, when charging the jury as to what acts of the defendant would authorize the inference that he ratified the acts of the plaintiff in taking the renewal note, that if such renewal note was "made in the name of the plaintiff," when such statement was not borne out by the evidence, since the evidence showed that such renewal was taken in the name of another 'party, was not material to the issue which the court was then presenting, and could not have been misunderstood or have misled the jury, or in any way have prejudiced the rights of the losing party.

4. The charge of the court was not error for any other reason assigned.

5. The court properly instructed the jury upon the law applicable to the issues made, and did not err in failing to instruct the jury on "the law of novation of contract," or in not explaining "the substitution of one debt for another."

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922.

Complaint; from Echols superior court — Judge Thomas. September 15, 1920.

*J. B. Hicks,* for plaintiff in error.

*E. K. Wilcox,* contra.